UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KYLE J. RODNEY,

      Petitioner,

vs.

RENEE BAKER, *et al.*,

      Respondents.

3:13-cv-00323-RCJ-VPC

**ORDER**

This is a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. On March 23, 2015, respondents filed to a motion to dismiss petitioner's claims arguing that several of the claims in the pending habeas petition are either unexhausted or procedurally barred. ECF No. 34. In opposition, petitioner Rodney argues that this court should hear his entire petition, but if not, it should issue a stay to allow for state court exhaustion. ECF No. 36.

I. BACKGROUND

On February 3, 2010, the State of Nevada charged Rodney in the state district court for Clark County, Nevada, with burglary while in possession of a deadly weapon, conspiracy to commit robbery, robbery with use of a deadly weapon, conspiracy to commit murder, attempted murder with use of a deadly weapon, and battery with use of a deadly weapon resulting in substantial bodily harm. On June 28, 2010, a jury found Rodney guilty on all counts. The court sentence Rodney to various concurrent and consecutive sentences ranging from 2 to 20 years.

Rodney appealed. On October 5, 2011, the Nevada Supreme Court affirmed the judgment of conviction.

On November 9, 2011, Rodney filed, pro se, a state post-conviction petition for writ of habeas corpus. The state district court issued an order denying that petition on February 29, 2012, that was affirmed on appeal on September 12, 2012. Rodney initiated a second state post-conviction proceeding on November 1, 2012, by filing another petition in the state district court. That petition was dismissed on procedural grounds on April 9, 2012. Rodney appealed.

In June of 2013, while the appeal of the dismissal of his second state post-conviction was pending, Rodney brought this federal habeas action. The Nevada Supreme Court affirmed the dismissal of his second state petition on January 16, 2014.

On January 22, 2015, Rodney filed an amended federal petition, which is now subject to respondents' motion to dismiss.

II. EXHAUSTION

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground for relief to the state's highest court, and must give that court the opportunity to address and resolve it. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982). Also, the exhaustion requirement is met only if the petitioner alerts the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan*, 513 U.S. at 365-66). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to

establish exhaustion." *Id*. (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000).

Respondents argue that Grounds 1, 2, 3, 7, 8, 9, 10, 11, 12, 13, and 14 of Rodney's amended petition are unexhausted. With respect to Grounds 7, 8, 13, and 14, Rodney's amended petition indicates that these claims were not raised in his direct appeal or his state post-conviction proceedings. ECF No. 33, pp. 19, 22, 39, 42.[1] They are unexhausted.

In Ground 1, Rodney claims that his constitutional rights were violated because there was insufficient evidence presented at trial to support the guilty verdicts. On direct appeal, Rodney argued that there was not sufficient evidence to support the conspiracy to commit murder and attempted murder convictions. ECF No. 16-22, p. 7-9. He also raised a sufficiency of the evidence claims in his first and second state habeas petitions. ECF No. 17-8, p. 10; ECF No. 17-23, p. 7-8. Ground 1 is exhausted.

In Ground 2, Rodney claims that his constitutional rights were violated because his convictions were based on the unreliable testimony of the victim.[2] Rodney presented this claim in his first state post-conviction proceeding. ECF No. 17-8, p. 10-11. Ground 2 is exhausted.

In Ground 3, Rodney alleges a violation of his constitutional right to effective assistance of counsel due to his counsel's failure to investigate or challenge the State's case as to medical evidence of the victim's injuries. Rodney presented this claim in his second state post-conviction proceeding. ECF No. 17-23, p. 9-12. Ground 3 is exhausted.

---

[1] References to page numbers in the record herein are based on CM/ECF pagination.

[2] Petitioner describes this testimony variously as "circumstantial," "hearsay," and "perjured." Because petitioner is proceeding pro se and may not understand the legal definition of these terms, the court shall overlook what appears to be their incorrect usage. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (noting that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants").

In Ground 9, Rodney alleges a violation of his constitutional right to effective assistance of counsel due to his counsel's failure to investigate and object to the victim's testimony that he had to be re-hospitalized due to wounds inflicted by Rodney, when, in fact it was due to a staph infection. Rodney presented this claim in his second state post-conviction proceeding. ECF No. 17-23, p. 10-11. He also alleges, in Ground 9, that the victim falsely testified about suffering from seizures. While he never presented it to the state court, that allegation does not "fundamentally alter the legal claim already considered by the state courts" so as to render Ground 9 unexhausted. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). Ground 9 is exhausted.

In Ground 10, Rodney alleges a violation of his constitutional right to effective assistance of counsel due to his counsel's failure to object to the victim's perjured testimony about the extent of his wounds. This claim is duplicative of Grounds 3 and 9 and shall be dismissed on that basis.

In Ground 11, Rodney alleges a violation of his constitutional right to counsel due to irreconcilable differences between himself and appointed counsel. Rodney did not present this claim to the Nevada Supreme Court. Ground 11 is unexhausted.

In Ground 12, Rodney alleges a violation of his constitutional right to effective assistance of counsel due to his counsel's failure to object to the victim's testimony about the weapons that were used against him. Rodney did not present this claim to the Nevada Supreme Court. Ground 12 is unexhausted.

Rodney argues that his failure to exhaust state court remedies for his claims should be excused because it is attributable to his lack of legal knowledge and the pleading form used by the state court that, according to him, discouraged him from citing legal authority for his claims. However, Rodney's lack of legal training or knowledge does not allow him to circumvent the exhaustion requirement and, as respondents point out, Rodney did cite to constitutional provisions and case law in support of the claims he did present in his first and second post-conviction proceedings. ECF No. 17-8, ECF No. 17-23. Finally, Rodney also argues that exhaustion should be excused because the

state court allowed his trial counsel to act as direct appeal counsel despite a known conflict. That would not excuse, however, Rodney's failure to raise the claims in his state post-conviction proceedings.

In summary, Rodney has failed to exhaust state court remedies for Grounds 7, 8, 11, 12, 13 and 14. Ground 10 is dismissed as duplicative of claims raised elsewhere in his petition.

### III. TREATMENT OF UNEXHAUSTED CLAIMS

Rodney asks the court, to the extent it concludes that he has failed to exhaust claims, to issue a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Supreme Court authorized, but also placed limitations upon, the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court in *Rhines* went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

Thus, the court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhine*s, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state

court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id*.

While he blames the lack of effective counsel on appeal for his failure to exhaust claims, Rodney has not advanced good cause for failure to exhaust his unexhausted claims in either of the two subsequent state post-conviction proceedings. Allowing the mere fact that Rodney was proceeding pro se or lacked knowledge of the law to establish "good cause" would undermine the admonition in *Rhines* that stay and abeyance be available only in "limited circumstances." See *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (concluding that a petitioner's lack of knowledge that a claim was not exhausted cannot establish good cause without running afoul of the "limited circumstances" instruction in *Rhines*).

Thus, Rodney's request for stay and abeyance shall be denied because he has not shown good cause for his failure to exhaust his claims in state court before proceeding in federal court.[3] The *Rhines* decision includes clear instruction regarding the treatment of unexhausted claims where a stay is not warranted:

> . . . [I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *See* [*Lundy*], at 520, 102 S.Ct. 1198 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Rhines*, 544 U.S. at 278.

Therefore, the court will provide Rodney with an opportunity to abandon Grounds 7, 8, 11, 12, 13 and 14. If Rodney abandons those claims, this case will proceed on the claims remaining in the

---

[3] In the absence of good cause, the court need not reach the remaining prongs of the *Rhines* test.

6

amended petition. If Rodney does not abandon the claims, his entire amended petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

IV. PROCEDURAL BAR

A "procedural default" occurs when a petitioner presents a federal law claim for habeas corpus relief to the state courts but the state courts dispose of the claim on procedural grounds instead of on the merits. A federal court will not review the claim if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995). A state court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). Also, if the state court's decision fails "to specify which claims were barred for which reasons," the Ninth Circuit has held that the ambiguity may serve to defeat the independence of the state procedural bar. *Valerio v. Crawford*, 306 F.3d 742, 775 (9th Cir. 2002); *Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003).

A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court*, 96 F.3d 1126, 1129 (9th Cir.1996) (citation and internal quotation marks omitted). In *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003), the court of appeals announced a burden-shifting test for

analyzing adequacy. Under *Bennett*, the State carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Id*. at 586. The burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* Assuming the petitioner has met his burden, "the ultimate burden" of proving the adequacy of the state bar rests with the State, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id*.

Respondents argue that Grounds 2, 3, 4, 5, 6 and 9 of Rodney's amended petition are procedurally barred.[4] In its order affirming the denial of Rodney's first state post-conviction petition, the Nevada Supreme Court addressed some of his claims as follows:

> Appellant also claimed that (1) the district court abused its discretion by allowing the victim to testify and by allowing recordings of appellant's telephone calls to be played to the jury, (2) his right to due process was violated because his presentence investigation report contained factual inaccuracies and the district court failed to canvass him about the accuracy of the report, and (3) his sentence constituted cruel and unusual punishment because the district court failed to consider his age, background, family support, or whether he was under the influence of controlled substances. These claims could have been raised on direct appeal, and appellant failed to demonstrate or even allege cause for his failure to do so. See NRS 34.810(1)(b). . . . Therefore, the district court did not err in denying these claims.

ECF No. 17-21, p. 5-6.

Nev. Rev. Stat. § 34.810(1)(b) provides that the court shall dismiss a petition if petitioner's conviction was the result of a trial and the grounds for the petition could have been presented to the trial court, raised in a direct appeal or a prior petition for a writ of habeas corpus or post-conviction relief, or raised in any other proceeding that the petitioner has taken to secure relief from the petitioner's conviction and sentence. Respondents contend that claims dismissed by the Nevada

---

[4] Respondents argue that Ground 10 is also procedurally barred, but as noted above, that claim shall be dismissed as duplicative.

Supreme Court under this procedural bar correspond with Grounds 2, 3, 4, 5 and 6 of Rodney's federal petition. With the exception of Ground 3, which is an ineffective assistance of counsel claim, the court agrees.

The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case—Nev. Rev. Stat. § 34.810—is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073–75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999). Moreover, Rodney has not asserted "specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586. Therefore, this court finds that the Nevada Supreme Court's dismissal of petitioner's claims under Nev. Rev. Stat. § 34.810(1)(a) was an independent and adequate ground for the purposes of barring federal court review. In the absence of a showing of cause for the default and actual prejudice as a result of the alleged violation of federal law, or a demonstration that failure to consider the claim will result in a fundamental miscarriage of justice, Grounds 2, 4, 5 and 6 are procedurally barred.

In its order affirming the denial of Rodney's second state post-conviction petition, the Nevada Supreme Court dismissed all the claims in the petition, again relying upon Nev. Rev. Stat. § 34.810.[5] ECF No. 30-3. As noted above, Rodney presented Grounds 3 and 9 in that proceeding. Thus, those claims are procedurally barred as well.

Rodney does not argue that he can demonstrate cause and prejudice or a fundamental miscarriage of justice. As noted above, he attributes his failure raise claims on direct appeal to the absence of effective counsel in that proceeding. However, he is unable to rely on that as cause for his

---

[5] In particular, the Nevada Supreme Court cited to Nev. Rev. Stat. § 34.810(1)(b) and (2). Nev. Rev. Stat. § 34.810(2) provides that a successive petition must be dismissed if the judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

procedural default because he has not independently exhausted that claim in the state court. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000)

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 34) is GRANTED in part and DENIED in part, as follows. Grounds 2, 3, 4, 5, 6 and 9 are dismissed under the procedural default doctrine. Ground 10 is dismissed as duplicative of claims raised elsewhere in his petition. Grounds 7, 8, 11, 12, 13 and 14 are unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **twenty (20) days** from the date this order is entered within which to file a Notice of Abandonment of Unexhausted Claims, indicating that Grounds 7, 8, 11, 12, 13 and 14 are to be deleted from his amended petition (ECF No. 33).

**IT IS FURTHER ORDERED** that, if petitioner does not abandon his unexhausted claims within the time allowed, the amended petition (ECF No. 33) shall be dismissed under *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS FURTHER ORDERED** that, if petitioner abandons his unexhausted claims within the time allowed, respondents shall have **thirty (30) days** from the date the Notice of Abandonment is filed within which to file an Answer to the remaining claim(s) in the amended petition (ECF No. 33). Petitioner shall have **twenty (20) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that respondents' motion to strike reply (ECF No. 39) is DENIED.

Dated this 4th day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE