UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| KYLE J. RODNEY, | ) | |
| | ) | |
| Petitioner, | ) | 3:13-cv-00323-RCJ-VPC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| RENEE BAKER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This is a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254.  On March 4, 2016, this court entered an order deciding respondents' motion to dismiss (ECF No. 34) in which it found that several of petitioner's claims are unexhausted.  ECF No. 41.  Having determined that petitioner is not entitled to a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), the court gave petitioner twenty days within which to file a notice of abandonment of unexhausted claims indicating that unexhausted are to be deleted from his amended petition (ECF No. 33).  The court also advised petitioner that failure to abandon his unexhausted claims would result in a dismissal of his petition pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

On March 16, 2016, petitioner filed a response to the court's March 4 order in which he expresses uncertainty regarding his procedural options.  ECF No. 42.  In particular, petitioner indicates that he reads *Lundy* as authorizing a procedure wherein the court dismisses his current

petition without prejudice, then permits him to return to this court once his claims have been exhausted. Of course, this reading overlooks the fact that "AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions, by . . . preserv[ing] *Lundy*'s total exhaustion requirement," but "also impos[ing] a 1-year statute of limitations on the filing of federal petitions." *Rhines*, 544 U.S. at 274. Thus, if the court were to dismiss the habeas petition in this case, a habeas petition filed by petitioner at a future date would be time-barred.

Stay and abeyance under *Rhines* is the procedure that allows a habeas petitioner to address the dilemma imposed by the intersection of the total exhaustion requirement and the 1-year statute of limitations. However, for the reasons set forth in this court's March 4 order, petitioner is not entitled to a stay under *Rhines*. Moreover, the court also notes that, at this point, petitioner would almost certainly be procedurally barred from presenting his unexhausted claims in state court. Accordingly, even if it stayed this action to permit state court exhaustion of unexhausted claims, this court would nonetheless be barred, by the doctrine of procedural default, from considering those claims on the merits. *See Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

Having provided the foregoing clarification, the court shall allow petition **one** more opportunity to abandon his unexhausted claims. Failure to do so will result in the dismissal of his petition.

**IT IS THEREFORE ORDERED** that petitioner shall have **twenty (20) days** from the date this order is entered within which to file a Notice of Abandonment of Unexhausted Claims, indicating that Grounds 7, 8, 11, 12, 13 and 14 are to be deleted from his amended petition (ECF No. 33).

**IT IS FURTHER ORDERED** that, if petitioner does not abandon his unexhausted claims within the time allowed, the amended petition (ECF No. 33) shall be dismissed under *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS FURTHER ORDERED** that, if petitioner abandons his unexhausted claims within the time allowed, respondents shall have **thirty (30) days** from the date the Notice of Abandonment is

filed within which to file an Answer to the remaining claim(s) in the amended petition (ECF No. 33). Petitioner shall have **twenty (20) days** following service of respondents' answer in which to file a reply.

    **IT IS FURTHER ORDERED** that respondents' motion for extension of time (ECF No. 43) is DENIED as moot.

    DATED: This 7th day of June, 2016.

_____
UNITED STATES DISTRICT JUDGE