UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KYLE J. RODNEY,

Petitioner,

v.

WILLIAM GITTERE,[1] et al.,

Respondents.

Case No. 3:13-cv-00323-RCJ-VPC

ORDER

On March 1, 2019, the United States Court of Appeals for the Ninth Circuit issued an opinion vacating this court's final order denying habeas relief and remanding the case for additional proceedings. *Rodney v. Filson*, 916 F.3d 1254 (9th Cir. 2019). The order denying relief was vacated because the court of appeals determined this court erred by not conducting an analysis of the substantiality of Rodney's ineffective-assistance-of-counsel (IAC) claims pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). *Id*. at 1259-60.

The court of appeals also determined that this court's current record "is insufficiently developed for [the court] to be able to conclusively evaluate the substantiality of Rodney's IAC claims." *Id*. at 1261. Accordingly, the court stated that, to further develop the record, "the district court may allow discovery upon a showing of good cause under Rule 6 of the Rules Governing

---

[1] William Gittere, warden of Ely State Prison, is substituted as respondent for Timothy Filson, former warden. *See* Fed. R. Civ. P. 25(d).

§ 2254 Cases in the United States District Courts, may hold an evidentiary hearing as warranted, and may consider Monko's medical records and any other evidence relevant to the issue of the substantiality of Rodney**'s** IAC claims." *Id*. at 1262.

Rodney's procedurally defaulted IAC claims are that counsel: (1) failed to investigate or challenge the prosecution's medical evidence at trial, (2) failed to timely object to the lay medical testimony of the victim, Monko, (3) failed to use medical records to impeach Monko's medical testimony, and (4) failing to call any medical experts or treating medical providers to testify regarding the Monko's injuries. The court of appeals opined as follows:

> The severity of Monko's injuries was potentially relevant to elements of several of the charges of which Rodney was convicted. The district-court record contains excerpts of Monko's medical records; however, in arguing whether there is a reasonable probability that the jury's verdict would have been different if not for counsel's alleged deficiencies, both parties refer extensively to additional medical records that were not before the district court.

*Id*. at 1261. Thus, at a minimum, it is clear that this court would benefit from the record being supplemented with these "additional medical records."

As a starting point, however, the court will permit either party to file, within 60 days of the date of this order, any motion relevant to, or in furtherance of, the remand of the court of appeals. Responses to any such motions will be due within 30 days of the date the motion is filed. The moving party will then have 20 days within which to file a reply.

IT IS SO ORDERED.

DATED THIS 23rd day of December, 2019.

UNITED STATES DISTRICT JUDGE