UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KYLE J. RODNEY,<br><br>                      Petitioner,<br>    v.<br><br>WILLIAM GITTERE, et al.,<br><br>                      Respondents. | Case No. 3:13-cv-00323-RCJ-VPC<br><br>ORDER |

On March 1, 2019, the United States Court of Appeals for the Ninth Circuit issued an opinion vacating this court's final order denying habeas relief and remanding the case for additional proceedings. *Rodney v. Filson*, 916 F.3d 1254 (9th Cir. 2019). The order denying relief was vacated because the court of appeals determined this court erred by not conducting an analysis of the substantiality of Rodney's ineffective-assistance-of-counsel (IAC) claims pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). *Id*. at 1259-60. At the center of these IAC claims are unresolved questions both as to the severity of injuries Rodney's victim, Ralph Monko, sustained as a result of Rodney's criminal conduct and as to defense counsel's performance in relation the medical evidence presented (or not presented) at trial. *Id*. at 1258, 1261. Accordingly, the court of appeals suggested that this court further develop the record by allowing discovery and, if necessary, holding an evidentiary hearing. *Id*. at 1262.

1    To carry out the higher court's remand, this court permitted the parties to file any motion
2 relevant to, or in furtherance of, the remand. ECF No. 63.
3    1. *Respondents' Response*.
4    In their response to this court's order on remand, respondents ask the court to order that
5 petitioner provide all of the medical records petitioner possesses in relation to this matter. ECF
6 No. 64. Respondents also propose that this court allow the parties to brief the substantiality of
7 Rodney's remaining IAC claims; specifically, whether counsel: (1) failed to investigate or
8 challenge the prosecution's medical evidence at trial, (2) failed to timely object to the lay
9 medical testimony of the victim, (3) failed to use medical records to impeach the victim's
10 medical testimony, and (4) failing to call any medical experts or treating medical providers to
11 testify regarding the victim's injuries. *Id*.
12    Respondents' request for all medical records in petitioner's possession is eminently
13 reasonable given the nature of petitioner's IAC claims. Accordingly, petitioner will be required
14 to provide respondents with all such records currently in his possession and, prospectively, must
15 timely provide respondents with such records as they are obtained through discovery or other
16 means. In addition, the court agrees that briefing on the substantiality of Rodney's individual
17 IAC claims is warranted.
18    2. *Petitioner's Response*.
19    Petitioner responded to this court's order on remand by filing a motion for discovery
20 (ECF No. 65) and a motion for evidentiary hearing (ECF No. 66). In connection to the latter
21 motion, petitioner has proffered, under seal, "a preliminary report by his expert, Michelle
22 Woodfall, a clinical nurse specialist [that] discusses discrepancies between the victim, Ralph
23 Monko's, testimony and his medical records." ECF Nos. 67/68.
24    With his motion for discovery, petitioner seeks leave to serve a subpoena on three
25 sources: (1) Robert Glennen, petitioner's trial counsel, (2) the Clark County District Attorney's
26 Office (CCDA), and (3) Sunrise Hospital & Medical Center. Rule 6 of the Rules Governing
27
28

Section 2254 Cases in the United States District Courts states: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The Supreme Court has construed Rule 6 to provide that, if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

From Robert Glennen, petitioner seeks production of the entire case file for petitioner in the Eighth Judicial District in case number C261421, and in the Nevada Supreme Court in case number 56991, including all discovery materials, investigation materials, correspondence, memoranda, billing records, and notes. Respondents do not object to this request. ECF No. 69 at 2. Finding good cause under Rule 6, the court will grant petitioner leave to serve his proposed subpoena on Robert Glennen. *See* ECF No. 65, Exhibit A.

From the CCDA, petitioner seeks production of the entire case file for petitioner in the Eighth Judicial District in case number C261421, including any discovery provided to the defense before or during trial; Ralph Monko's entire medical file; any materials related to personnel who treated Ralph Monko; any witness statements; and documentation, either contemporaneous or recreated, delineating what materials were provided to Robert Glennen. Respondents do not object to "the CCDA providing any documents it previously provided to Rodney's trial attorneys or was otherwise required to provide," but contend that petitioner's "request is overbroad and could include material wholly unrelated to the claims at issue" and "could potentially include privileged material." ECF No. 69 at 3.

As to the latter concern, petitioner correctly points out that Fed. R. Civ. P. 45(e)(2) provides a means for the CCDA to assert a claim that information is privileged or subject to

protection. The court also does not view petitioner's request as overbroad or unduly burdensome. Instead, the request appears designed to obtain information that may reasonably lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Finding good cause under Rule 6, the court will grant petitioner leave to serve his proposed subpoena on the CCDA. *See* ECF No. 65, Exhibit B.[1]

From Sunrise Hospital & Medical Center, petitioner seeks production of all records related to the treatment of Ralph Monko from October 2009 through January 2010. Respondents do not object to this request. ECF No. 69 at 3. Finding good cause under Rule 6, the court will grant petitioner leave to serve his proposed subpoena on Sunrise Hospital & Medical Center. *See* ECF No. 65, Exhibit C.[2]

For each of petitioner's discovery requests, respondents request reciprocal disclosure. As a matter of fairness, the court agrees that petitioner be required to provide respondents with copies of any and all materials and/or information obtained from the CCDA and Sunrise Hospital & Medical Center. With respect to materials obtained from Robert Glennen, petitioner must provide respondents items and information that may be relevant to the defense of petitioner's IAC claims. *See Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (en banc) (habeas petitioner waives his attorney-client privilege in a proceeding raising an ineffective assistance of counsel claim, but such waiver is limited to what is necessary to allow the state to fairly defend against such claim). Petitioner may, if necessary, request a protective order to "delimit how parties may use information obtained through the court's power of compulsion." *Id*. at 726.

With his motion for evidentiary hearing, petitioner contends a hearing is necessary for the court to resolve both to the question of cause and prejudice under *Martinez* and the merits of the underlying IAC claims. According to petitioner, he "would put on evidence to prove that Mr.

---

[1] Petitioner mistakenly identifies Robert Glennen, not the CCDA, as the recipient of the proposed subpoena. ECF No. 65 at 19.

[2] Here again, petitioner mistakenly identifies Robert Glennen as the recipient of the proposed subpoena. ECF No. 65 at 25.

Glennen performed deficiently at trial, to [petitioner's] prejudice." ECF No. 66 at 5. He "would also present expert testimony to discuss the errors in the victim's testimony concerning his injuries as compared to the information contained in his medical records." *Id*.

Like the respondents, petitioner also propose that the court entertain briefing. *Id*. at 6. The court agrees that briefing would narrow the factual issues that may require an evidentiary hearing. In addition, it stands to reason that the parties will be able to more effectively brief their respective positions after the completion of discovery. Thus, prior to deciding whether to hold an evidentiary hearing, the court will allow for the completion of discovery, followed by briefing on the question of cause and prejudice under *Martinez* and the underlying merits of the claims of ineffective assistance of counsel. Accordingly, the court will deny petitioner's motion for evidentiary hearing without prejudice and establish a scheduling order for briefing once discovery has been completed.

IT IS THEREFORE ORDERED that petitioner's motion for discovery (ECF No. 65) is GRANTED as set forth above. Petitioner's motion for evidentiary hearing (ECF No. 66) is DENIED without prejudice to petitioner renewing the motion at the completion of discovery and briefing.

IT IS FURTHER ORDERED that petitioner shall notify the court when he has completed the discovery outlined above. The court will then issue a schedule for briefing on the question of cause and prejudice under *Martinez* and the underlying merits of petitioner's remaining claims of ineffective assistance of counsel.

IT IS FURTHER ORDERED that each party is required to provide the opposing party with all relevant medical records currently in their respective possession and, prospectively, must timely provide the opposing party with such records as they are obtained through discovery or other means. The parties must also timely provide any reports generated by experts in support of their respective positions.

1  IT IS FURTHER ORDERED that petitioner's motion to seal (ECF No. 67) is
2 GRANTED. ECF No. 68 shall remain sealed. Respondents' counsel shall be allowed access to
3 the sealed document (ECF No. 68), but shall keep the document confidential and not disclose it
4 or its contents to any third parties.

5  DATED THIS 22nd day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE